Pearson, J.
There is no error in the interlocutory order appealed from. The answer does not respond to the allegation that the feme plaintiff was hurried into the completion of the sale, and the execution of the deed on the eve of her starting from home for the purpose of being married. No reason, or cause, is suggested for the hot haste with which the transaction was closed, and there is room to infer that the real mo *74 tive for it was a fear that the intended husband would not assent to the terms upon which the ■feme plaintiff had been induced to dispose of her estate. It may be, that the plaintiffs had, in anticipation of their marriage, arranged their plans for the future, by which the wife’s estate was to be sold, and they should live together on the land of the husband, in Alamance, but, it is very certain that the plaintiff, Rich, was not privy, and did not assent to the particular transaction which is now called in question, as being in fraud of his marital rights.— "Whether he had agreed that his intended wife might sell her estate before marriage in such a manner as to amount to a general assent, so as to make her act binding upon him, must depend uj>on the proofs. It was proper to continue the injunction to the final hearing.
Per Curiam. Decretal order affirmed.